John D. Bennett, S.
This is an application for rehearing a motion for summary judgment and for a reconsideration of the decision rendered by this court in favor of Parrish & Company. The application is granted in view of the apparent misunderstanding by the surety company of the nature and effect of the court’s decision.
The case is complicated as there are two possible liabilities of the surety company. The first is contractual on the bond furnished to cover the acts of the administratrix for which she has been surcharged in the accounting proceeding and the *449 surety company has been made a party thereto to litigate its liability under its bond. The second possible liability was in tort for permitting the improper turning over to the administratrix of certain securities held in escrow by attorneys pending a determination of their ownership. As to this the surety company has been exonerated by the refusal of the administrator de bonis non to proceed against it on that basis.
However, there was a pending action against Parrish & Company as guarantors of the genuineness of the signature of the deceased. Parrish & Company had the right to, and did, assert that the loss sustained by the estate was not caused by its guarantee but by the improper redelivery of the securities to the administratrix. Due to the declination of the administrator de boms non to proceed against the attorneys or the surety company for such alleged improper turning over, the only issue before the court was that between the administrator de bonis non and Parrish & Company as to whether the loss to the estate was caused by the guarantor of the deceased’s signature.
The surety company was not a party to that proceeding but Parrish & Company, in proving it was not responsible for the loss, had the right to assert and prove who was in its opinion responsible. It was the same situation in which the operator of an automobile releases A from any liability and then sues B for damages to his car. B can in such a case show that A was responsible for the damages, not to charge A but to exonerate B. A, having been released, would not be a party to such a proceeding any more than the surety company would be in this case for liability for the improper turnover of securities to the administratrix.
The finding of this court to the effect that the loss to the estate was not caused by the guarantee of the signature but by the negligent return of the stock by the attorneys and the surety company contrary to the escrow agreement, was not a finding of negligence giving rise to a liability of the surety company. It was a determination that the loss was caused by acts of the attorneys and surety company for which they had already been exonerated by the refusal of the administrator de bonis non to proceed against them on this basis. Had the surety company not been independently and separately liable on the bond of the administratrix, all proceedings against it could have been dismissed at this point.
There remains, however, that separate and independent liability of the surety company on its bond which must be disposed of in the accounting proceeding. This is the liability which would have existed had there never been any guarantee *450 of the signature of the deceased, nor any turning over of the stock in question in escrow.
This court is agreeable to making any change in wording in its previous decision which may clarify its position in this matter (as indicated at page 16 of the stenographer’s minutes of the argument of this motion). The court confirms its decision to grant the motion for summary judgment by Parrish & Company. The motion for reargument is granted, and on such reargument, the former decision is confirmed.